IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEE CAMPBELL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| NCO FINANCIAL SYSTEMS, INC., ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| Defendant ) | |
| ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

RENEE CAMPBELL ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its principal office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Scranton, Pennsylvania 18504.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in early January 2012, and continuing through March 5, 2012, Defendant repeatedly and continuously contacted Plaintiff on her home telephone in an attempt to collect a consumer debt.

13. Plaintiff received phone calls and voicemail messages from Defendant on a number of occasions from the following phone number: (888) 289-0907, which the undersigned has confirmed is a phone number for Defendant.

14. Defendant placed repeated calls to Plaintiff's home telephone almost every day, causing Plaintiff to receive, on average, one (1) to two (2) collection calls a day.

15. Further, when contacting Plaintiff on her home telephone, upon information and belief, Defendant used an automated telephone dialing system and

pre-recorded or artificial voice.

16. When Plaintiff did not answer Defendant's telephone calls, Defendant would leave message on her home answering machine stating, in part, "This message is for Renee Campbell, if you are not Renee Campbell, please hang up. This is NCO Financial. We are a debt collector attempting to collect a debt. Pleas call back Dan (last name inaudible) at 888-289-0907 and reference ID code no. (inaudible)."

17. In January 2012, Plaintiff spoke with a collector, who identified himself to Plaintiff as "Dan."

18. "Dan" did not provide Plaintiff with any information regarding the underlying debt, including the name of the entity to whom the debt was owed and/or the amount of the debt.

19. As a result, Plaintiff had no idea the amount of money Defendant was seeking to collect or to whom a debt was owed, so Plaintiff informed "Dan" that she disputed the debt.

20. Plaintiff also told "Dan" that she was unable to make payments on the debt and to stop calling her.

21. "Dan," however, failed to update Defendant's collection records regarding Plaintiff's instructions to stop calling, and, as a result, Plaintiff continued to receive collection calls from Defendant.

22. Within five (5) days after its initial communication with Plaintiff at the beginning of January 2012, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or request verification of the debt.

23. Then, in a subsequent telephone conversation with a male collector for Defendant, the collector threatened Plaintiff that if she did not agree to pay them, that they would garnish her wages.

24. Plaintiff informed Defendant that she was unemployed and receiving disability.

25. At the time Defendant threatened to garnish Plaintiff's wages, it did not intend to garnish her wages, as Pennsylvania does not allow an individual's wages to be garnished to pay an outstanding debt.

26. Moreover, Defendant could not legally take the action it threatened, as Plaintiff's sole source of income was social security disability, and federal law prohibits debt collectors, like Defendant, from garnishing a person's social security disability income.

27. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

### COUNT I

29. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

   a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

   b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

   c. Defendant violated §§1692d, and 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring almost everyday, calling at least one (1) to two (2) times each day, with the intent to annoy, abuse and harass Plaintiff.

   d. Also, Defendant §1692d of the FDCPA when it continued to contact Plaintiff regarding a debt, despite knowing that Defendant did not want to be contacted, with the intent to annoy, abuse and

harass Plaintiff.

## COUNT II

30. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(4).

   a. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of a debt.

   b. Section 1692e(4) of the FDCPA prohibits a debt collector from representing or implicating that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

   c. Here, Defendant violated §§1692e and 1692e(4) of the FDCPA by threatening to garnish Plaintiff's wages, when legally it was unable to take the action it threatened, as Pennsylvania does not permit wage garnishment for debts and federal law does not allow social security wages to be garnished to pay a debt.

## COUNT III

31. Defendant's conduct, detailed in the preceding paragraphs,

violated 15 U.S.C. §1692f.

    a. Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

    b. Defendant violated §1692f of the FDCPA when it failed to disclose to Plaintiff information about the alleged debt, including the name of the creditor and the amount of the debt.

## COUNT IV

32.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g.

    a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing him with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, RENEE CAMBELL, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RENEE CAMPBELL, demands a jury trial in this case.

DATED: 03/29/12

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

By: _____
CRAIG THOR KIMMEL
Attorney ID # 57100
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 103
Fax: (877) 788-2864
Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT